NITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXIM TKACHENKO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>V.R. THOMPSON,<br><br>　　　　　Respondent. | Civil Action No. 24-983 (KMW)<br><br>**MEMORANDUM ORDER** |

　　This matter comes before the Court on Petitioner Maxim Tkachenko's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed responses to the petition (ECF No. 6), to which Petitioner replied. (ECF Nos. 9-10.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to challenge the BOP's decision to deny Petitioner's request for placement in a residential re-entry center and the denial of certain benefits under the Second Chance Act. (*Id.* at 7-12; ECF Nos. 5-6.) Petitioner thus sought an order transferring him into a residential reentry center.

　　In providing its answer, the Government provided documents which indicated that Petitioner's final release date from prison was scheduled for early January 2025. (*See* ECF No. 6 at 2; ECF No. 6-1 at 6.) Publicly available BOP records indicate that Petitioner was, in fact, released from BOP custody on January 10, 2025. *See* BOP Inmate Locator record for Maxim Tkachenko, https://www.bop.gov/inmateloc/?os=vb.&ref=app, last accessed January 13, 2025. Indeed, on January 30, 2025, the Government provided the Court with a letter which confirms that Petitioner was, in fact, released from BOP custody on January 10, 2025. (ECF No. 11.) The

Government therefore requests that this matter be dismissed as moot in light of Petitioner's release. (*Id.*)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from prison, a habeas challenge to some aspect of his prison confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). In this case, as Petitioner has now been released from BOP custody, any order of this Court as to the BOP's prior placement decision would have no effect upon Petitioner. Petitioner's habeas petition is therefore moot and must be dismissed without prejudice as such.

**IT IS THEREFORE** on this __5th__ day of February, 2025,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot in light of his release; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge

2